UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:19-CR-00391-01** |
| | **3:19-CR-00392-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JAVARIS MARQUEZ TUBBS (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**RULING**

Pending before the Court are Defendant Javaris Tubbs' ("Tubbs") *pro se* Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.[1] The identical Motions were filed in case numbers 3:19-cr-00391 and 3:19-cr-00392. Tubbs bases the motions on various claims, which include lack of subject matter jurisdiction, lack of personal jurisdiction, conspiracy against rights, deprivation of rights under color of law, sentenced above guidelines, sentenced for rehabilitative purposes, sentence imposed in violation of constitution and laws of the United States, and deprivation of procedural and substantive rights to life, liberty, and property without due process.[2]

For the following reasons, the Motions are **DENIED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

On December 22, 2005, Tubbs was charged in a superseding indictment with one count of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d); and one count of use of firearm in violation of 18 U.S.C. § 924(c)(1).[3] On or about April 14, 2005, Tubbs robbed Washington Mutual Bank located at 8725 Elk Grove Blvd., Elk Grove, California, where he stole $14,494.00.[4]

---

[1] The Motion is [Doc. No. 48] in 3:19-CR-00391 and [Doc. No. 25] in 3:19-CR-00392
[2] [Id.]
[3] [Doc. No. 1-1, p. 5]
[4] [Doc. No. 1-2, p. 2]

During the robbery, Tubbs assaulted and put the lives of bank employees in jeopardy by using a handgun.[5]

Trial for the matter commenced on May 9, 2006, and the jury rendered a verdict on May 16, 2006, finding Tubbs guilty on both counts.[6] Tubbs was sentenced to a total of 192 months in prison—108 months for count one and 84 months for count two, to be served consecutively to the term imposed on count one.[7] Additionally, Tubbs was permitted 60 months of supervised release on each of counts one and two, to be served concurrently with each other.[8]

On July 19, 2019, Tubbs' supervised release began.[9] Despite being bound by standard, mandatory, and special conditions, Tubbs violated numerous terms of his supervised release.[10] To begin, Tubbs tested positive for marijuana on July 22, 2019, August 16, 2019, September 26, 2019, and October 15, 2019.[11] Because marijuana is a controlled substance under federal law, Tubbs violated mandatory condition numbers two and three in addition to standard condition number seven of his supervised release.[12]

Also, on November 18, 2019, Tubbs moved without notifying his probation officer, as required by the terms of his supervised release.[13] Considering Tubbs was not only required to report to his probation officer each Monday but also was required to inform him at least ten days prior to any change of residence, Tubbs violated standard condition numbers two and six.[14]

---

[5] [Id. at p. 3]
[6] [Id. at p. 7, 9]
[7] [Id. at p. 2]
[8] [Id. at p. 3]
[9] [Doc. No. 3]
[10] [Doc. Nos. 3, 7]
[11] [Doc. No. 3, p. 2]
[12] [Id. at p. 1]
[13] [Id. at p. 2]
[14] [Id.]

Lastly, Tubbs ceased participation in mental health counseling on November 11, 2019, and substance abuse treatment on November 18, 2019.[15] Since Tubbs was bound to both mental health and substance abuse treatment during his supervised release, he violated two special conditions thereof.[16]

On December 13, 2019, jurisdiction on this matter was transferred from the Eastern District of California to the Western District of Louisiana.[17] On December 20, 2019, the probation officer filed a Petition for Warrant or Summons for Offender Under Supervision as to the above-mentioned violations.[18]

On or about March 17, 2021, Tubbs was arrested by the Fort Bend County (Texas) Sheriff's Office for the Unlawful Carrying of a Weapon and Possession of Marijuana.[19] On or about January 17, 2023, Tubbs was arrested in Oklahoma by the U.S. Marshal Service.[20] Given these arrests, the probation officer amended the Petition for Warrant or Summons for Offender Under Supervision.[21] Because Tubbs was outside of the judicial district (in Texas and Oklahoma) without permission of the court or probation officer, he violated standard condition number one.[22] Additionally, the Texas arrest shows that Tubbs violated mandatory condition numbers two and three in addition to standard condition number seven since he was in possession of marijuana and a Glock 22, loaded with 15 rounds of 9 mm ammunition.[23]

---

[15] [Id.]
[16] [Id.]
[17] [Doc. No. 1-1, p. 18]
[18] [Doc. No. 3]
[19] [Doc. No. 7]
[20] [Id. at p. 2]
[21] [Id. at p. 1]
[22] [Id. at p. 2]
[23] [Id. at p. 1-2]

On March 1, 2023, the Court entered a Final Revocation of Supervised Release.[24] Consequently, Tubbs was sentenced to 36 months in prison for violating multiple conditions of his supervised release ordered on March 27, 2009.[25]

Tubbs, in *pro se* fashion, filed notices of appeal on March 8, 2023, March 15, 2023, and March 16, 2023.[26]

On October 26, 2023, Tubbs filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[27]

On November 20 and 22, 2023, Tubbs' appeals were dismissed pursuant to his request.[28]

## II. LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). However, only a narrow set of claims are cognizable under this statute, which include the following: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally since collateral review is fundamentally different from and may not replace direct appeal. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 2001) ("Because Marion has been convicted and has exhausted his appeal rights, the court on collateral review may presume that he stands fairly and finally convicted.").

---

[24] [Doc. No. 20]
[25] [Id.]
[26] [Doc. Nos. 22, 27, 30]
[27] [Doc. No. 48]
[28] [Doc. No. 52] and [Doc. No. 29]

If claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted and can only be considered in a § 2255 proceeding if a movant can show cause for his failure to raise his claims on appeal and actual prejudice resulting from the alleged errors. *United States v. Placente*, 81 F.3d 555, 558 (5th Cri. 1996) ("[A] defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such error."); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) ("When raising issues of jurisdictional or constitutional magnitude for the first time on collateral review, a defendant ordinarily must show both cause for his procedural default and actual prejudice resulting from the error."). Even if a defendant cannot establish cause or prejudice, procedurally defaulted claims can be considered for the first time in a § 2255 proceeding if the movant can show that he is actually innocent. *Bousley v. Unites States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' or actual 'prejudice' ... or that he is 'actually innocent.'").

### III.  ANALYSIS

Since Tubbs did not raise his constitutional or jurisdictional claims on direct appeal, the Government argues that the claims presented in the instant motion are procedurally barred.[29] On the other hand, Tubbs argues that such claims were unmistakably well preserved in the prior court proceeding and should be considered immediately.[30] The Court will now analyze Tubbs' rationale for withholding these claims on direct appeal and determine whether he can overcome the procedural bar.

---

[29] [Doc. No. 59, p. 3-4]
[30] [Doc. No. 62, p. 2]

### a. Tubbs has not shown cause for his failure to raise the constitutional and jurisdictional claims herein on direct appeal.

As stated above, Tubbs was sentenced to 36 months in prison for violating multiple conditions of his supervised release and filed a direct appeal therefrom. Nevertheless, Tubbs filed a § 2255 motion including many constitutional and jurisdictional claims and dismissed the appeal. While constitutional issues and jurisdictional challenges are two of the four perceivable grounds under § 2255 motions, such claims are procedurally barred if not raised on direct appeal. 28 U.S.C. § 2255; *Placente*, 81 F.3d at 558. The crux of Tubbs' appeal was that his sentence was imposed above the statutory maximum. Because Tubbs raised the constitutional and jurisdictional issues for the first time on collateral review, they cannot be considered unless he overcomes the procedural bar. *Gaudet*, 81 F.3d at 589.

To defeat the procedural default for a § 2255 motion, claimants must first show cause for their failure to raise certain claims on appeal. *Id.* Instead of providing a reason for his failure to bring his constitutional and jurisdictional claims on appeal, Tubbs believes that such assertions were "unmistakably well preserved in the prior court proceeding." Considering the only motion before this Court including these constitutional and jurisdictional claims is the instant motion, there are no prior court proceedings including these issues. Therefore, he fails to show cause for his failure.

### b. Because of Tubbs' failure to show cause, he is unable to prove actual prejudice resulting thereof.

The second step in overcoming the procedural bar is to prove actual prejudice resulting from the error. *Id.* Tubbs argues that he was prejudiced because of the Court's bias and impartiality.[31] However, the standard for overcoming the procedural bar requires both cause and

---

[31] [Doc. No. 62, p. 13]

prejudice. *Id.* Because Tubbs failed to show cause for withholding certain issues on direct appeal, his argument for actual prejudice is unattainable.

Given Tubbs' failure to show cause and actual prejudice resulting therefrom, his claims are procedurally defaulted.

### c. In addition to his failure to prove cause and prejudice, Tubbs has failed to show his actual innocence.

Despite Tubbs' failure to overcome the procedural bar, such claims can be considered for the first time in a § 2255 proceeding if he can show that he is actually innocent. *Bousley*, 523 U.S. at 622. Instead of making any stance for his actual innocence regarding the breach of supervised release, Tubbs argues that he is being unlawfully detained because the court lacks necessary jurisdiction. Whether such claims have merit is of no relevance because they cannot be considered for the first time in a § 2255 motion without proving actual innocence

The Court finds that Tubbs has not only failed to overcome the procedural bar but also failed to prove that he is actually innocent. Therefore, Tubbs' claims cannot be heard at this juncture, and his motion is **DISMISSED** on these grounds.

### IV. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant Javaris Tubbs' Motions under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentences [Doc. No. 48 and 25] are **DENIED** and **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 26th day of February 2024.

                                                  Terry A. Doughty
                                                  United States District Judge